UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ERIN M. STINES,

           Plaintiff,

  v.

FIDELITY NATIONAL FINANCIAL, INC., et al.,

           Defendants.

C16-848 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's motion to compel, docket no. 14, is GRANTED in part and DENIED in part as follows:

    (i) As to Request for Production No. 3 requesting the "entire personnel file" of Henry Hamilton, plaintiff's motion is DENIED as moot.

    (ii) As to Request for Production No. 4, requesting the "entire payroll file" for Henry Hamilton, plaintiff's motion is GRANTED in part. Defendants shall produce any "Transfer: Review" documents for Henry Hamilton. Except as granted, plaintiff's motion with respect to Request for Production No. 4 is DENIED. Defendant has produced a document showing the salaries, raises, and bonuses received by attorneys Henry Hamilton, Matthew Cleverly, and Daniel Womac that contains sufficient information for plaintiff to discern any discrepancies between their compensation and the compensation of similarly situated female employees. The "Payroll Professional" records likely contain social security numbers and financial institution information, as well as other sensitive personal information, such as contributions to a retirement or

MINUTE ORDER - 1

health savings account, which are both entitled to protection and unrelated to plaintiff's claims.  Plaintiff has not shown that the "raw data" contained in these records has any relevance to her claim that she received less compensation because of her gender.

(iii)   As to Request for Production No. 5, requesting the "entire personnel file" of Matthew Cleverly, plaintiff's motion is DENIED as moot.

(iv)   As to Request for Production No. 6, requesting the "entire payroll file" for Matthew Cleverly, plaintiff's motion is GRANTED in part.  Defendants shall produce any "Transfer: Review" documents for Matthew Cleverly.  For the reasons discussed in section (ii) above, except as granted, plaintiff's motion with respect to Request for Production No. 6 is DENIED.

(v)   As to Request for Production No. 7, requesting the "entire personnel file" for Dan Womac, plaintiff's motion is DENIED as moot.

(vi)   As to Request for Production No. 8, requesting the "entire payroll file" for Dan Womac, plaintiff's motion is GRANTED in part.  Defendants shall produce any "Transfer: Review" documents for Daniel Womac.  For the reasons discussed in section (ii) above, except as granted, plaintiff's motion with respect to Request for Production No. 8 is DENIED.

(vii)   As to Requests for Production Nos. 9 and 10, requesting the "entire" personnel and payroll files for Tom Larkin, plaintiff's motion is GRANTED in part.  Defendants shall produce Tom Larkin's personnel file and any "Transfer: Review" documents for the time period between September 20, 2010, when Mr. Larkin was hired, and May of 2011, when he was promoted to Managing Attorney.  Defendants shall additionally provide to plaintiff, in a format similar to the one used in Exhibit A, docket no. 26, Mr. Larkin's annual salary and any bonus amounts and raises he received during the same time period.  Except as granted, plaintiff's motion with respect to Requests for Production Nos. 9 and 10 is DENIED.

(viii)   As to Requests for Production Nos. 11 and 12, requesting the "entire" personnel and payroll files for Janis White, plaintiff's motion is GRANTED in part.  "[E]vidence from non-party personnel files, such as the position, disciplinary records, wages, and promotion history of employees *both inside and outside the protected class*, has been held to constitute discoverable comparator evidence."  *See Lauer v. Longevity Medical Clinic PLLC*, No. C13-0860-JCC, 2014 WL 5471983, *5 (W.D. Wash. Oct. 28, 2014) (emphasis added).  Defendants shall produce the personnel file and any "Transfer: Review" documents for Janis White.  Defendants shall additionally provide to plaintiff, in a format similar to the one used in Exhibit A, docket no. 26, Ms. White's annual salary and any

MINUTE ORDER - 2

bonus amounts and raises she received during the time period plaintiff was employed by defendant Fidelity National Title Group, Inc.  Except as granted, plaintiff's motion with respect to Requests for Production Nos. 11 and 12 is DENIED.

(ix)   As to Requests for Production Nos. 13 and 14, requesting the "entire" personnel and payroll files for Mark Phelps, plaintiff's motion is GRANTED in part.  Defendants shall produce the personnel file and any "Transfer: Review" documents for Mr. Phelps for any time period(s) in which he served in the same Trial Counsel position as plaintiff.  Defendants shall additionally provide to plaintiff, in a format similar to the one used in Exhibit A, docket no. 26, Mr. Phelps's annual salary and any bonus amounts and raises during the same time period(s).  Except as granted, plaintiff's motion with respect to Requests for Production Nos. 13 and 14 is DENIED.

(x)    As to Requests for Production Nos. 15 and 16, requesting the "entire" personnel and payroll files for Peter Wolff, plaintiff's motion is DENIED.

(xi)   As to Requests for Production Nos. 27 and 28, requesting the "entire" personnel and payroll files for Joe Tucker, plaintiff's motion is DENIED.

(xii)  As to Request for Production No. 29, requesting the "entire" personnel file for Melissa Mack, plaintiff's motion is DENIED.

(xiii) As to Request for Production No. 30, requesting "past or current job descriptions for all attorney positions within the Seattle office of Fidelity National Title Group," plaintiff's motion is DENIED without prejudice.  Defendants have represented that they have undertaken a good faith search for attorney job descriptions and have located none.  In the event that any such job description is identified, defendants have represented that its response to Request for Production No. 30 will be supplemented.

(xiv)  As to Request for Production No. 31, requesting "resumes, employment applications, employment contracts, job titles, and wage and bonus histories" for Henry Hamilton, plaintiff's motion is GRANTED in part.  Defendants shall produce any employment applications and resumes for Henry Hamilton.  Except as granted, plaintiff's motion with respect to Request for Production No. 31 is DENIED as moot.

(xv)   As to Request for Production No. 32, requesting "resumes, employment applications, employment contracts, job titles, and wage and bonus histories" for Matthew Cleverly, plaintiff's motion is GRANTED in

MINUTE ORDER - 3

part. Defendants shall produce any employment applications and resumes for Matthew Cleverly. Except as granted, plaintiff's motion with respect to Request for Production No. 32 is DENIED as moot.

(xvi)   As to Request for Production No. 33, requesting "resumes, employment applications, employment contracts, job titles, and wage and bonus histories" for Dan Womac, plaintiff's motion is GRANTED in part. Defendants shall produce any resumes for Daniel Womac. Except as granted, plaintiff's motion with respect to Request for Production No. 33 is DENIED as moot.

(xvii)  As to Request for Production No. 34, requesting "resumes, employment applications, employment contracts, job titles, and wage and bonus histories" for Janis White, plaintiff's motion is GRANTED. Defendants shall produce any resumes, employment applications, employment contracts, and job titles for Ms. White. With regard to the requested wage and bonus histories, defendants shall produce this information pursuant to the Court's ruling concerning Requests for Production No. 11 and 12, *see* section (viii).

(xviii) As to Request for Production No. 35, requesting "resumes, employment applications, employment contracts, job titles, and wage and bonus histories" for Tom Larkin, plaintiff's motion is GRANTED in part. Defendants shall produce any resumes, employment applications, employment contracts, and job titles for Tom Larkin during the time period from when he was hired on September 20, 2010, until he was promoted to Managing Attorney in May of 2011. Defendants shall produce Mr. Larkin's wage and bonus history pursuant to the Court's ruling concerning Requests for Production Nos. 9 and 10, *see* Section (vii). Except as granted, plaintiff's motion with respect to Request for Production No. 35, is DENIED.

(xix)   As to Request for Production No. 36, requesting "resumes, employment applications, employment contracts, job titles, and wage and bonus histories" for Peter Wolff, plaintiff's motion is DENIED.

(xx)    As to Request for Production No. 37, requesting "resumes, employment applications, employment contracts, job titles, and wage and bonus histories" for Mark Phelps, plaintiff's motion is GRANTED in part. Defendants shall produce any resumes and employment applications for Mark Phelps. Defendants shall additionally produce employment contracts, job titles, and wage and bonus history for any period(s) in which he served in the same Trial Counsel position as plaintiff. Wage and bonus histories shall be produced pursuant to the Court's ruling concerning Requests for

MINUTE ORDER - 4

Production Nos. 15 and 16, *see* Section (ix).  Except as granted, plaintiff's motion with respect to Request for Production No. 36 is DENIED.

(xxi)   As to Request for Production No. 38, requesting "written performance evaluations" of all "attorney employees who have ever worked in the Seattle office of Fidelity National Title Group, Inc.," plaintiff's motion is GRANTED in part.  To the extent not already produced, defendants shall produce performance evaluations for attorneys Harry Hamilton, Matthew Cleverly, Daniel Womac, and Janis White.  Defendants shall additionally produce performance evaluations for Tom Larkin and Mark Phelps for any time periods in which they served in the same Trial Counsel position as plaintiff.  Except as granted, plaintiff's motion with respect to Request for Production No. 38 is DENIED.

(xxii)  As to Request for Production No. 39, requesting "written performance evaluations . . . of all paralegal, legal assistant, and legal secretary employees who have ever worked in the Seattle office of Fidelity National Title Group, Inc.," plaintiff's motion is DENIED.

(xxiii) As to Request for Production No. 40, requesting documents reflecting the "productivity of any of the attorney employees who have ever worked in the Seattle office of Fidelity National Title Group, Inc.," plaintiff's motion is GRANTED in part.  Defendants shall produce any non-privileged documents responsive to Request for Production No. 40 that form the basis of their affirmative defense that "[a]ny alleged pay disparity between plaintiff and other employees was the result of bona fide factors other than sex."  Answer, docket no. 11, pg. 28-29 (Affirmative Defense No. 7).  Defendants shall produce a privilege log for any documents for which a privilege is claimed.  Except as granted, plaintiff's motion with respect to Request for Production No. 40 is DENIED.

(xxiv) As to Request for Production No. 41, requesting all "complaints, grievances, or charges brought during the past seven years by any female employee of Fidelity National Title Group, Inc.," concerning "gender discrimination, disparate treatment on the basis of sex, sexual harassment, a hostile workplace, or any violation of the state or federal Equal Pay Act," plaintiff's motion is GRANTED in part.  Defendants shall produce all non-privileged documents relating to complaints, grievances, or charges, including informal complaints and internal grievances, brought by female attorney employees in the Seattle office of defendant Fidelity National Title Group, Inc. alleging gender discrimination or harassment, or violation of the state or federal Equal Pay Act during the period of plaintiff's employment. Defendants shall additionally produce all non-privileged documents relating to complaints, grievances, or charges, including informal complaints and internal grievances, brought by female attorney

MINUTE ORDER - 5

employees who worked in any of Fidelity National Title Group, Inc.'s offices in the United States, alleging that defendant Jay Levitch engaged or participated in gender discrimination or harassment, or violation of the state or federal Equal Pay Act during the period of plaintiff's employment. Defendants shall produce a privilege log for any documents for which a privilege is claimed. Except as granted, plaintiff's motion with respect to Request for Production No. 41 is DENIED.

(xxv)  As to Request for Production No. 42, requesting "any disciplinary warnings given to, or any disciplinary action taken against, any employee of the Seattle office of FNTG, during the past seven years," plaintiff's motion is GRANTED in part. Defendants shall produce any documents reflecting any disciplinary warnings given to, or any disciplinary action taken against Janis White during the time period plaintiff was employed by Fidelity National Title Group, Inc. Defendants shall additionally produce any documents reflecting any disciplinary warnings given to, or any disciplinary action taken against Tom Larkin or Mark Phelps for any period(s) during which they served in the same Trial Counsel position as plaintiff. As to disciplinary notices or documents concerning Harry Hamilton, Matthew Cleverly, and Daniel Womac plaintiff's motion is DENIED as moot. Plaintiff's motion with respect to Request for Production No. 42 is otherwise DENIED.

(xxvi) As to Requests for Production Nos. 43, 44, 45, 46, 47, 48, and 49, plaintiff's motion is DENIED as moot. Defendants have apparently produced all non-privileged documents written by or sent to Patrick Mortimer, Joe Tucker, Joe Reinhardt, Raymond Quirk, Jay Levitch, and Melissa Mack between April 1, 2015, and November 1, 2015, which mention or discuss plaintiff. *See* Decl. of Katie Rosen, docket no. 21, Exs. B and D. Defendants shall produce a privilege log for any documents for which a privilege is claimed.

(xxvii) As to Request for Production No. 50, plaintiff's motion is GRANTED in part. Defendants shall produce any and all documents related to any "inappropriate comments" which form the basis of defendants' contention that plaintiff was fired, in part, due to "inappropriate comments to and about her co-workers." *See* Answer, docket no. 11 at ¶ 4.78. Except as granted, plaintiff's motion with respect to Request for Production No. 50 is DENIED.

(xxviii) As to Request for Production No. 53, plaintiff's motion is DENIED.

(2)     Defendants are ADVISED that the Court may preclude any reliance on evidence at issue in this motion that defendants did not produce in discovery.

1     (3)    The Court declines to award fees to either party.

2     (4)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

3     Dated this 27th day of March, 2017.

                                        William M. McCool
                                        Clerk

                                        s/Karen Dews
                                        Deputy Clerk

MINUTE ORDER - 7